UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-23022-SEITZ-O'SULLIVAN



CARLOS JAYME,

      Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

      Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction [DE-14]. On November 20, 2007, Plaintiff filed a Writ of Mandamus [DE-1], seeking to compel reevaluation of his Immigrant Petition for Alien of Extraordinary Ability. Plaintiff asserts jurisdiction under 8 U.S.C. § 1329 (Immigration and Nationality Act), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1361 (Mandamus), 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act), 5 U.S.C. §§ 555(b), 706 (Administrative Procedure Act), and 28 U.S.C. § 1367(a) (Supplemental Jurisdiction).[1] (Writ ¶ 4-6.) Because this Court lacks subject matter jurisdiction, Defendants' Motion to Dismiss shall be granted and other all other pending Motions are denied as moot.

**I.**     **Background**

Plaintiff is a foreign national, and formerly a scholarship swimmer at the University of Florida. *Id.,* ¶ 2. On June 16, 2006, Plaintiff filed an Immigrant Petition for Alien of Extraordinary Ability (the "I-140 Petition") seeking permanent resident status as an alien of "extraordinary ability" in the field of athletics pursuant to 8 U.S.C. § 1153(b)(1)(A).[2] *Id.,* p.6. The United States Citizenship and Immigration Services ("USCIS") initially approved

---

[1] In addition, Plaintiff cites to various cases which stand for the proposition that a court may exercise subject matter jurisdiction to review government action which "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." (Not. of Suppl. Auth,. p.4.) Having found no evidence in the record to support such an abuse of discretion, this particular jurisdictional theory warrants no further discussion.

[2] 8 U.S.C. § 1153(b)(1)(A) provides that:

    Visas shall first be made available...to qualified immigrants who are aliens described in any of the following subparagraphs:

    (A) Aliens with extraordinary ability: An alien is described in this subparagraph if--(i) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation ...

8 U.S.C. § 1153(b)(1)(A).

Plaintiff's I-140 Petition on August 2, 2006. *Id.*, ¶ 9. However, on November 2, 2007, USCIS issued a Notice of Revocation as to its prior approval, noting that Plaintiff had failed to submit sufficient evidence demonstrating extraordinary athletic accomplishment. *Id.*, p.12-20. The Notice also provided Plaintiff the opportunity to appeal the revocation before the Administrative Appeals Office ("AAO"), which Plaintiff subsequently initiated. Plaintiff's appeal remains pending. (Mot. to Dismiss, ¶ 3-4.)

Shortly thereafter, Plaintiff filed the instant Writ of Mandamus, alleging that the revocation of his I-140 Petition violated applicable laws and regulations. Plaintiff seeks to compel reevaluation of the Petition in conformity with the proper standards. Defendants have moved to dismiss for lack of subject matter jurisdiction.

### II.     Motion To Dismiss For Lack Of Subject Matter Jurisdiction

The Court is under an independent obligation to determine whether jurisdiction exists. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). If there is no subject matter jurisdiction, the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). In making this determination, the Court may look beyond the allegations in the Complaint and view any evidence submitted by the parties to determine whether jurisdiction exists. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Plaintiff's proposed jurisdictional bases are discussed below.

#### A.     Immigration and Nationality Act (8 U.S.C. § 1329) Does Not Confer Jurisdiction

Plaintiff asserts jurisdiction under the Immigration and Nationality Act, 8 U.S.C. § 1329 ("INA"). However, § 1329 expressly states that "[n]othing in this section shall be construed as providing jurisdiction for suits against the United States or its agencies or officers." 8 U.S.C. § 1329. Thus § 1329, on its face, precludes Plaintiff's reliance on the INA for purposes of subject matter jurisdiction in the instant matter. *See Gherghel v. U.S. DHS*, 06-20002-Highsmith, March 12, 2008 [DE-20] (in substantially similar I-140 dispute, express language of § 1329 precluded reliance on the INA for purposes of subject matter jurisdiction); *Bessenyei v. U.S. DHS*, 05-22177-Civ-Cooke, February 28, 2006 [DE-42] (same).

In addition, Congress recently amended the INA by adding the following provision:

> Notwithstanding any other provision of law (statutory or nonstatutory), ... *no court shall have jurisdiction to review...any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security*, other than the granting of [asylum] relief under section 1158(a) of this title.
>
> 8 U.S.C. § 1252(a)(2)(B)(ii) (*emphasis added*).

-2-

The § 1252(a)(2)(B)(ii) jurisdictional bar precludes judicial review of discretionary decisions made under §§ 1151-1378, inclusive of visa revocation decisions.[3] *See Yerkovich v. Ashcroft*, 381 F.3d 990, 992 (10th Cir. 2004) ("the phrase 'this subchapter' refers to 8 U.S.C. §§ 1151-1378"). Within this context, this District has consistently declined review of USCIS action, especially in cases involving I-140 petitions. *See Gringberg v. Swacina*, 478 F. Supp. 2d 1350, 1352 (S.D. Fla. 2007) (following majority rule in dismissing request for judicial review of USCIS action in light of § 1252(a)(2)(B)(ii) jurisdictional bar); *Gherghel*, 06-20002-Highsmith, March 12, 2008 [DE-20] (court lacked jurisdiction to review I-140 visa determination); *Miranda v. U.S. DHS*, 06-20320-Civ-Seitz, June 28, 2006 [DE-14] (same); *Bessenyei*, 05-22177-Civ-Cooke, February 28, 2006 [DE-42] (same); *Quintero v. U.S. DHS*, 05-22003-Civ-Huck, December 9, 2005 [DE-19] (same); *Gomez v. U.S. DHS*, 05-20823-Civ-Ungaro, July 29, 2005 [DE-22] (same).[4]

**B.    Mandamus (28 U.S.C. § 1361) Does Not Confer Jurisdiction**

Mandamus jurisdiction arises only in cases where "(1) the defendant owes a clear non-discretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." *Lifestar Ambulance Serv., Inc v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 615 (1984)). Plaintiff fails both prongs.

As to the first prong, Defendant's revocation of the I-140 Petition is a discretionary act, thus precluding mandamus jurisdiction. *See Ghanem v. Upchurch*, 481 F.3d 222, 224 (5th Cir. 2007). As to the second prong, Plaintiff has failed to exhaust all other avenues of relief, given his pending AAO appeal.[5]

**C.    Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202) Does Not Confer Jurisdiction**

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is not an independent basis for a federal court to exercise subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).

---

[3] The Attorney General's authority to grant and deny visas to aliens of extraordinary ability in the field of athletics arises from 8 U.S.C. § 1153(b)(1)(A), while the authority to revoke such visas arises under § 1155.

[4] Plaintiff argues that I-140 determinations are non-discretionary decisions, thus falling outside the scope of § 1252's jurisdictional bar. However, § 1155 provides that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him." Thus, the plain language of the statute clearly provides the Secretary discretionary authority to classify each set of circumstances meeting the good and sufficient cause standard. Courts considering the discretionary nature of I-140 decisions have reached the same conclusion. *See Ghanem v. Upchurch*, 481 F.3d 222, 224 (5th Cir. 2007) (joining Third and Seventh Circuit in deeming § 1155 decisions *discretionary*").

[5] Plaintiff points to *Tjin-A-Tam v. U.S. Department of Homeland Security*, 2007 WL 781339, * at 3 (S.D. Fla. 2007), in which the court extended mandamus jurisdiction over a factually similar case. *Tjin-A-Tam* is distinguishable, however, as that plaintiff had no further remedies to compel USCIS action. Here, Plaintiff has initiated a pending appeal, which may result in approval or reevaluation of his I-140 Petition.

Instead, jurisdiction must exist by virtue of another statutory or constitutional basis. *See Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) ("a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question"). Because this Court may not exercise jurisdiction on any other basis, the Declaratory Judgment Act is not applicable to the instant litigation. *See id.* at 1039.

### D.   28 U.S.C. § 1331 Does Not Confer Independent Basis For Jurisdiction

Like the Declaratory Judgment Act, 28 U.S.C. § 1331 provides no independent basis for subject matter jurisdiction. *See St. Andrews Park, Inc. v. Department of Army Corps of Engineers*, 314 F. Supp. 2d 1238, 1242 (S.D. Fla. 2004) (citing *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173 (5th Cir. 1984). Instead, an independent federal statutory or constitutional basis must exist to satisfy federal question jurisdiction. *See id.* As no viable statutory or constitutional basis exists in the instant matter, federal question jurisdiction does not lie.

### E.   Administrative Procedure Act Does Not Confer Jurisdiction

The Administrative Procedure Act ("APA") does not provide the Court with an independent basis for subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107 (1977). APA subject matter jurisdiction is proper only in combination with other sources of jurisdiction, such as federal question jurisdiction. *Grinberg*, 478 F. Supp. 2d at 1355. As no other basis for jurisdiction exists, the APA is not applicable to the instant litigation.[6]

Furthermore, the APA does not apply "to the extent that ... agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Where a decision is committed to agency discretion, "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). Within this context, 8 U.S.C. § 1155 clearly invests the Secretary with discretion to revoke I-140 applications, while giving no meaningful standard for judicial review.[7] *See Jilin Pharmaceutical USA, Inc. v. Chertoff*, 447 F.3d 196, 205 (3rd Cir. 2006) ("the requirement of 'for what [the Secretary] deems good and sufficient cause' in § 1155 is so vague as to be useless as

---

[6] Although there is a presumption in favor of judicial review of agency action, that presumption may be overcome if the statutory scheme indicates that Congress intended to preclude such review. *See Block v. Community Nutrition Institute*, 467 U.S. 340, 349 (1984); *see also* 5 U.S.C. § 701(a)(1) (APA does not apply "to the extent that ... statutes preclude judicial review"). Here, 8 U.S.C. § 1252(a)(2)(B)(ii) plainly expresses that no judicial review of the Secretary's revocation decision is intended, thus precluding APA jurisdiction. *See Grinberg*, 478 F. Supp. 2d at 1355 ("APA does not supercede the express provisions of...Section 1252(a)(2)(B)(ii)").

[7] Furthermore, given Plaintiff's pending AAO appeal, no final administrative action has been taken with regard to his I-140 Petition. A court may not exercise APA jurisdiction in the absence of such final administrative action. *See National Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003) (citations omitted).

a guide to a reviewing court"); *see also Grinberg*, 478 F. Supp. 2d at 1355 (APA does not provide jurisdictional basis for judicial review of USCIS action).

### F. Supplemental Jurisdiction Not Applicable

28 U.S.C. § 1367 is triggered only where the Court maintains original subject matter jurisdiction over a party's federal claims. *Alino v. Aerovias de Mexico, S.A., de C.V.*, 129 F. Supp. 2d 1341, 1345 (S.D. Fla. 2000). As this Court may not exercise original subject matter jurisdiction over any aspect of the instant litigation, supplemental jurisdiction does not arise. *See Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir.1999) (subject matter jurisdiction over federal claims is prerequisite to supplemental jurisdiction over related claims).

### III. Conclusion

Having determined that subject matter jurisdiction does not exist, the Court may not rule on the substantive merits of Plaintiff's claims or accompanying Motions.[8] *See Steel Co.*, 523 U.S. at 94 ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted). Accordingly, and for the reasons set forth above, it is hereby

ORDERED that Defendants' Motion to Dismiss [DE-14] is GRANTED for lack of subject matter jurisdiction and Plaintiff's Writ of Mandamus [DE-1] is therefore DISMISSED. All motions not otherwise ruled upon are DENIED AS MOOT. This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 25th day of April, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

---

[8] Plaintiff also filed a Motion for the Court to take Subject Matter Jurisdiction [DE-19], as well a Motion for Preliminary Injunction or Declaratory Relief [DE-7]. These Motions present no new jurisdictional theories from those found in the Writ of Mandamus or the Response [DE-16] to the Motion to Dismiss.